### In re Jean Raoul PETIT–LOUIS, Debtor.

### No. 05–60335 BKC AJC.

United States Bankruptcy Court,
S.D. Florida,
Miami Division.

June 23, 2006.

Carolina A. Lombardi, Esq., Legal Services of Greater Miami, Inc., Miami, FL, John W. Kozyak, Esq., Lisa B. Keyfetz, Esq., Kozyak, Tropin & Throckmorton, P.A., Coral Gables, FL, Paul M. Uyehara, Esq., Community Legal Services, Inc., Philadelphia, PA, for Debtor.

Steven R. Turner, Esq., Assistant United States Trustee, Miami, FL, U.S. Trustee.

### ORDER DENYING U.S. TRUSTEE'S MOTION FOR RECONSIDERATION OF ORDER GRANTING WAIVER OF CREDIT COUNSELING

A. JAY CRISTOL, Chief Judge.

This cause came before the Court for hearing on May 24, 2006 on the United States Trustee's Motion for Reconsideration of the Order granting a waiver of credit counseling required by 11 U.S.C. § 109(h)(1) for Mr. Petit–Louis. The Court granted the waiver because the approved credit counseling agencies in the Southern District of Florida were not reasonably able to provide adequate services to Mr. Petit–Louis, who only speaks and understands Creole.

The U.S. Trustee moved for reconsideration of the Court's waiver order on the

basis that the Court lacks authority to permanently waive credit counseling under 11 U.S.C. § 109(h)(3) and that Mr. Petit–Louis failed to comply with the requirements for obtaining a waiver under section 109(h)(3). Two days before rehearing, the U.S. Trustee supplemented its motion, and filed supporting affidavits, to argue for the first time that Mr. Petit–Louis was not entitled to a waiver of credit counseling because credit counseling was available in Creole in the district at the time Mr. Petit–Louis filed his bankruptcy petition. However, the U.S. Trustee did not bring any witnesses to the hearing for cross-examination.

Kozyak, Tropin & Throckmorton, PA and Legal Services of Greater Miami, Inc., on behalf of the Debtor, presented Carolina Lombardi, Esquire as a witness. The Court was uncertain about whether testimony was required to resolve this matter and allowed Attorney Lombardi to testify, subject to a later determination of whether or not testimony was required. As stated on the record, if testimony was required, then a further hearing would be held to allow the presentation of testimony by the U.S. Trustee. As the proceeding developed though, it became clear that testimony was not required, based upon the representations and admissions of both parties. The Court therefore did not consider the testimony of Attorney Lombardi and decided the matter on the pleadings, representations and admissions made in open Court at the hearing.

■ Because a motion for rehearing is not an opportunity to raise arguments that could have been made, but were not, at the initial hearing, see *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir.1990), the Court will reconsider the waiver order for the limited purpose of addressing whether the Court had authority to waive counseling based on the record as of January 31, 2006. The U.S. Trustee's motion to introduce the affidavits into evidence (made after the U.S. Trustee had rested), is denied and the affidavits will not be considered.

## BACKGROUND

Jean Raoul Petit–Louis (the "Debtor") filed a voluntary chapter 7 petition on December 30, 2005 (the "Petition"). Mr. Petit–Louis is fluent in Creole, and has very limited English capability. He filed his petition and it was accepted *in forma pauperis* as provided by Bankruptcy Rule 1006(c).

At the hearing on January 31, 2006, Mr. Petit–Louis's counsel informed the Court that prior to filing the Petition, she contacted every approved counseling agency on the U.S. Trustee's approved list of agencies for the Southern District of Florida to determine whether the agency could provide credit counseling pursuant to section 109(h)(1) in Creole. In each instance, the agency representative who answered the phone stated that the agency could not provide credit counseling in Creole. It is not disputed that, at the time of the filing, the list maintained by the Office of the U.S. Trustee did not disclose the existence of any agency equipped to provide credit counseling in Creole.

Because he could not obtain the requisite pre-filing counseling in Creole, nor could he afford to hire an interpreter, Mr. Petit–Louis requested that the regional U.S. Trustee do any of the following: waive the credit counseling requirement; provide him with a Creole interpreter; or, decertify the approved counseling agencies for failure to provide Creole speaking counselors. By letter dated January 12, 2006, the U.S. Trustee declined to provide interpreter assistance, refused to waive the requirement and did not dispute the fact that no counseling was available in

Creole. A letter addressed to the U.S. Trustee requesting this relief was attached to Mr. Petit–Louis' petition, and, because the Debtor checked the box on Official Form 1 requesting a waiver for exigent circumstances, the letter was docketed as a "Certification of Exigent Circumstances".[1]

On January 31, 2006, the Court heard argument on the Debtor's request for waiver of section 109(h)(1)'s counseling requirement. The U.S. Trustee requested that the case be dismissed on account of Mr. Petit–Louis' failure to comply with section 109(h)(1). Following the hearing, the Court entered an order finding that there was no possibility that Mr. Petit–Louis could obtain counseling under the circumstances and that Mr. Petit–Louis was therefore entitled to a waiver of the counseling requirement because his inability to obtain counseling denied him access to the Bankruptcy Court. The Order is titled "Order on Debtor's Petition of Exigent Circumstances that Merits Waiver of Budget and Credit Counseling" and references section 109(h)(3).

At the time of the entry of the Order, the Court considered section 109(h)(3) as the appropriate section under which the Court had authority to grant a waiver to the Debtor. The Court does not recede from its earlier ruling; however, upon further reflection, the Court believes that it also has ample authority to waive the requirement of prepetition credit counseling for the Debtor under section 109(h)(2) of the Bankruptcy Code. Section 109(h)(2) provides the Court authority to grant the waiver premised upon the unavailability of counseling in Creole.

## MEMORANDUM OPINION

■ Under the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA), debtors are required to attend a credit counseling course from an agency approved by the Office of the U.S. Trustee prior to filing a petition. *See* 11 U.S.C. § 109(h)(1). However, pre-filing counseling is not required for:

> a debtor who resides in a district for which the United States trustee ... determines that the approved nonprofit budget and credit counseling agencies for such district are not reasonably able to provide adequate services to the additional individuals who would otherwise seek credit counseling from such agencies by reason of the requirements of [section 109(h)(1) ]....

Apparently there is no dispute that section 109(h)(2) provides the Office of the U.S. Trustee with the authority to waive the counseling requirement if the Office of the U.S. Trustee determines that adequate services are not available in a district. The U.S. Trustee's determination of adequacy under section 109(h)(2) is subject to review. *See In re Hubbard,* 333 B.R. 377, 385 (Bankr.S.D.Tex.2005) ("[o]f course, the United States trustee's determination [regarding adequacy] may be challenged."). Thus, the issue raised by the parties on reconsideration is whether the Bankruptcy Court had authority to waive Mr. Petit–Louis' section 109(h)(1) counseling requirement and whether Mr. Petit–Louis properly invoked the Court's jurisdiction to do so.

The U.S. Trustee contends that the Bankruptcy Court does not have jurisdiction to review the Office of the U.S. Trustee's adequacy determination. The U.S. Trustee asserts that Mr. Petit–Louis can only seek review pursuant to the Administrative Procedures Act (APA). The Court sees no merit in this argument, because

1. Official Form 1 only provides debtors with the option to request a waiver on account of "exigent circumstances" and not for lack of availability of adequate services.

even if the APA applies to the Debtor's waiver request, the Bankruptcy Court may review the U.S. Trustee's adequacy determination, as the APA specifically entitles an aggrieved party to judicial review of an agency's decision by "*any* applicable form of legal action, including actions for declaratory judgments or writs of prohibitory or mandatory injunction... in a court of competent jurisdiction" if no specific review proceeding is otherwise provided by statute. 5 U.S.C § 701, et seq. (emphasis added).

The parties did not brief or argue the applicability of the APA to this case and the Court does not make any determinations as to whether the U.S. Trustee's determination under 11 U.S.C. 109(h)(2) is within the scope of the APA. However, the Court notes that the U.S. Trustee's reliance on the APA only strengthens the Debtor's claim that he is entitled to judicial review because it supports the Debtor's contention that he must be afforded a forum within which to seek review of an arbitrary or capricious adequacy determination by the Office of the U.S. Trustee. Proceedings relating to a debtor's qualifications to be a debtor in the bankruptcy court—the type of proceeding at issue in this case—are clearly within the jurisdiction of the Bankruptcy Court. Therefore the Bankruptcy Court is the logical and proper forum for the Debtor's request of waiver of section 109(h)(1)'s counseling requirement on the basis that the counseling agencies approved by the Office of U.S. Trustee are not reasonably able to provide adequate services.

■ Further, Mr. Petit–Louis' waiver request sufficiently placed the U.S. Trustee on notice that he intended to challenge the adequacy of counseling. The Debtor sent a letter to the U.S. Trustee and attached same to his petition, which explained the lack of availability of counseling in Creole. At the initial hearing on the Debtor's request for waiver, as was evident from the papers filed, the Debtor argued the lack of availability of counseling in Creole as the basis for asserting his right to waiver. While the Debtor arguably could have filed a motion requesting such waiver with his petition (rather than attaching a copy of the letter to the U.S. Trustee), the Court recognizes that this was a novel procedural issue for the Debtor (as well as for the Court and the U.S. Trustee). The U.S. Trustee was not prejudiced by the procedure invoked by the Debtor because the Debtor's letter provided sufficient notice, and the U.S. Trustee was given sufficient opportunity to respond.

■ The Court acted within its discretion in determining that counseling services in the Southern District of Florida were inadequate for Mr. Petit–Louis and waiving the counseling requirement on this basis. At the January 31 hearing on the Debtor's request for waiver, the U.S. Trustee did not set forth any argument or proffer any evidence to demonstrate that it complied with its duties when the U.S. Trustee determined that adequate counseling in the Southern District of Florida was reasonably available. The U.S. Trustee could not and did not demonstrate that credit counseling was available to debtors such as Mr. Petit–Louis, who speak and understand only Creole, and cannot afford to hire an interpreter. Instead, the U.S. Trustee contended the Bankruptcy Code does not impose a responsibility on the Office of the U.S. Trustee to ensure that services are available to non-English speaking debtors. The U.S. Trustee's disregard for non-English speaking residents seeking counseling in the Southern District of Florida, a district which the U.S. Trustee admits "presents its own unique set of language issues", evidenced the fail-

ure of the Office of the U.S. Trustee to comply with its duties in determining whether counseling services are adequate in this district. If the U.S. Trustee fails to manage the bankruptcy counseling system in a non-discriminatory fashion, the Court has the authority and indeed the responsibility to allow a debtor access to the bankruptcy system by waiving a requirement which, in practice, is inappropriately excluding him on the basis of his lack of English language ability.

The Court acknowledges the U.S. Trustee's argument that the Office of the U.S. Trustee has made an effort to improve access to credit counseling to non-English speaking debtors since Mr. Petit–Louis filed his petition and commends the U.S. Trustee for this effort. The fact that the U.S. Trustee now argues that credit counseling is available in Creole and other languages and that the U.S. Trustee website is being updated almost daily defeats, rather than supports, the U.S. Trustee's initial argument that credit counseling in languages other than English is not required under 11 U.S.C. § 109(h)(2)(A), or under 11 U.S.C. § 111(d)(1)(c) which requires the U.S. Trustee to only approve credit counseling courses "if such course is effective."

█ The Court also rejects the argument of the U.S. Trustee that the Debtor might have received the counseling in English, using a friend or relative who spoke Creole as an translator. Such a process in no way assures that the translation would be correct, accurate and effective; and in fact, the concept is frivolous. If such a procedure were appropriate and effective, then why are certified translators required in judicial proceedings? A prospective debtor, in serious financial trouble and so destitute that he or she cannot even afford to pay the filing fee, would not be fairly treated by receiving a gratuitous transla-

tion of unknown quality from a friend or relative.

One final word about 11 U.S.C. 109(h). The Court fully agrees with the basic concept adopted by Congress in regard to credit counseling. It is a good thing and should be required for and provided to every high school senior as a prerequisite to graduation. So timed, the counseling would be of immense value to millions and would no doubt have a positive effect in reducing the number of bankruptcy filings of certain types of cases. Unfortunately, the requirement for creditor counseling immediately prior to and as a prerequisite to filing bankruptcy is similar to locking the barn after the horse is gone. The present statutory requirement is the equivalent of requiring a person who has suffered a heart attack to listen to a lecture on exercise, diet and the evils of cholesterol before allowing such person to undergo open heart surgery.

█ The relevant inquiry under section 109(h)(2) is what counseling was available to the Debtor before he filed. The fact that the U.S. Trustee has now discovered that counseling may have been available—information which the U.S. Trustee was not aware of at the initial hearing—bears no relevance to the Debtor's waiver request. The available counseling was inadequate for Mr. Petit–Louis at the time that he sought to file his petition, and he was entitled to a waiver of counseling pursuant to section 109(h)(2) on this basis.

Accordingly, it is

**ORDERED AND ADJUDGED** that the Trustee's Motion for Reconsideration is DENIED.